UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON HASSAY,<br><br>    Plaintiff,<br><br>v.<br><br>VA HEALTH CARE SAN FRANCISCO,<br><br>    Defendant. | Case No. 18-cv-04934-TSH<br><br>**ORDER DENYING REQUEST TO APPOINT COUNSEL AND NOTICE OF SUA SPONTE INTENTION TO DISMISS COMPLAINT**<br><br>Re: Dkt. No. 6 |

## I.    INTRODUCTION

Pending before the Court is Plaintiff Aaron Hassay's Motion to Appoint Counsel. ECF No. 6. For the reasons stated below, the Court **DENIES** Plaintiff's motion. Further, the Court, on its own initiative, uses this as an opportunity to provide notice to Plaintiff of the inadequacy of his complaint and the likelihood of dismissal under Federal Rule of Civil Procedure 12(b)(6) if he does not file an amended complaint.

## II.    BACKGROUND

Plaintiff filed a form complaint on August 14, 2018, in which he names "VA Health Care San Francisco" as the defendant. Compl., ECF No. 1. The allegations in his complaint are difficult to understand. In the "JURISDICTION" section, Plaintiff checked the box for "federal question jurisdiction," stating this case involves "Fed policy VHA 2012-022 CA Mandated 'Report' 'Possible' 'Dependent Adult' Abuse Veteran Self Reported." Compl. at 2. In the "STATEMENT OF FACTS" section, Plaintiff states:

> Veteran Affairs, SSDI Federal Records show
>
> 1994-02 Plaintif[f] Honor[a]bly Served Navy Diagnosed in service w. Maj Depression Bi Polar spine issues and (undiagonosed [sic] untreated PTSD due miiltar [sic] service later diagnosed at VA

2013)

2002 onward Plaintif[f] Experience Chronic Jobless, Homeless, Poverty, No Medical Insurance primary relationship problems, suicidal hospitalization

2010 Poverty Ill Plaintif[f] Agrees Live Work Barter Home Remodel in San Francisco First Night Onward Landlord/Employer Sexually Ass[au]lts Harrases [sic] Financiailly [sic] Exploits Plntf. Plntf Scared Embarr[a]ssed Anxiety Unsure of Rights does not tell anyone. Plntf. Plntf Scared Embarr[a]ssed Anxiety Unsure of Rights does not tell anyone.

2011 Plntf Rec[ei]ved SSDI Psych Anxiety $900 month which qualified him covered by law protected Federal 'disabled' and California Law "Dependent Adult" which should of protected him in medical legal civil rights systems

2013-17 Veteran Pltnf enters VA Health Care Diagnosed PTSD anxiety due military service Plntf Disabled Veteran finally would tell VA of bad abusive confusing housing conditions financial exploitation abuse torment on patient record. VA never reported 1 time to APS. VA said homeless housing shelter option. Veteran was unable to do anything do health. VA denied HUDVASH Veteran Housing

2017 Veteran Awarded Benefits moved and made SF Police Report that documented recorded approved evidence of battery from landlord on plaintif[f].

2018 Feb 14 VA General Counsel denies TORT as no "compensable harm"

2018 Swords to Plowshares San Francisco Case No. 15-1280 IN THE UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS would highlight VA treatment of Aaron Hassay over years ill in bad housing waiting for denied veteran benefits including housing "Grave errors during the VA examination to to rate A.H.'s… The result was crushing for A.H., and unlawful. 14. Normally, another round of…"

*Id.* at 3-4.

The complaint contains no other factual allegations. In the "CLAIMS" section, Plaintiff lists two claims. In the first, Plaintiff states the law or right violated is "California Mandated Reporting of Possible Reported Abuse." *Id.* at 5. He refers to "VHA Dir 2012-022, California Welfare and Institutions Code section 15610.23, and California Penal Code section 368. In the second, Plaintiff states the law or right violated is "CALIFORNIA HEALTH HUMAN SERVICE form SOC 342" and refers to California Code of Civil Procedure section 1761, "FINANCIAL ELDER ABUSE LAWS," and the California Elder and Dependent Adult Civil Protection Act. *Id.*

2

1  at 6. In his demand for relief, Plaintiff seeks $7,000,000 in damages and for "VA SF" to "retrain
2  staff on 'mandate report' CA Law due disabled veterans complaints covered by VHA Dir 2012-
3  022 requiring California Law Mandated Reporting 'POSSIBLE' Abuse." *Id.* at 7.

### III. DISCUSSION

#### A. Motion to Appoint Counsel

In his motion, Plaintiff states: "PLEASE APPOINT COUNSEL SUPPORT DUE MEDICAL ISSUES LISTED IN EXHIBITS AGGRAVATION. I FEEL MEDICAL ISSUES LIMIT REPRESENTATION SUPPORT. I AM TO HELP OUT VETERANS IN RELIEF." Mot. at 2. Generally, a person has no right to appointed counsel in civil actions. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). A court may under "exceptional circumstances" appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). When determining whether "exceptional circumstances" exist, a court considers "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Neither of these considerations is dispositive; rather, they must be viewed together. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

Here, there is no evidence presented by Plaintiff that the circumstances are "exceptional" within the meaning described above. As a preliminary matter, the Court notes Plaintiff has represented himself in other cases in this district as recently as last year, and he has not sought appointed counsel. *See Hassay v. Dep't of Army*, No. 17-CV-03556-JCS. Further, as discussed below, the Court is unable to assess whether there is an arguable factual and legal basis for the claims Plaintiff alleges. Accordingly, the Court **DENIES** Plaintiff's motion to appoint counsel.

#### B. Notice of Sua Sponte Intention to Dismiss Complaint

"A trial court may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim, but the court must give notice of its sua sponte intention to invoke Rule 12(b)(6) and afford plaintiffs 'an opportunity to at least submit a written memorandum in opposition to such motion.'" *Wong v. Bell*, 642 F.2d 359, 361-62 (9th Cir. 1981)

United States District Court
Northern District of California (margin label)

3

(quoting *Crawford v. Bell*, 599 F.2d 890, 893 (9th Cir. 1979); *Omar v. Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim sua sponte under Fed. R. Civ. P. 12(b)(6)."). The Court may also dismiss a complaint sua sponte for failure to comply with Rule 8, which mandates that a complaint include a "short and plain statement of the claim," and that "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). In other words, a complaint that is so confusing that its "'true substance, if any, is well disguised'" may be dismissed sua sponte for failure to satisfy Rule 8. *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir.1969)); *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) ( "Something labeled a complaint but written . . . prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint."). Moreover, while pro se pleadings are interpreted liberally, they still must meet a minimum threshold that provides defendants sufficient notice of the allegations against them. *Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995).

Plaintiff appears to bring this case against a federal agency. The United States, as sovereign, can be sued only to the extent it has consented to be sued. *United States v. Sherwood*, 312 U.S. 584, 586 (1941); *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985). Therefore, no court has jurisdiction to award relief against the United States or a federal agency unless the requested relief is expressly and unequivocally authorized by federal statute. *Sherwood*, 312 U.S. at 586-87. The plaintiff bears the burden of establishing subject matter jurisdiction over his asserted claims for relief. *Ashoff v. City of Ukiah*, 130 F.3d 409, 410 (9th Cir. 1997). Plaintiff has not met that burden in his Complaint as currently pled because he has not invoked a federal law that gives rise to a cause of action against the United States.

Plaintiff has filed two collections of documents entitled "evidence" that contain an August 14, 2018 letter from the U.S. Department of Veterans Affairs dated February 14, 2018. ECF Nos. 6-1, 7. The letter denies Plaintiff's administrative tort claim and states that "[i]f you are dissatisfied with the denial of your claim, you may file suit directly under the FTCA," and "[t]he claimant must initiate the suit within six months of the mailing of this notice . . ." Because

4

1 Plaintiff filed this action six months to the day after the date of that letter, it is possible Plaintiff seeks to bring a claim under the Federal Tort Claims Act ("FTCA"), which gives the district courts "exclusive jurisdiction of civil actions on claims against the United States . . . for personal injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). The FTCA "provides that the United States shall be liable 'in the same manner and to the same extent as a private individual under like circumstances' under applicable state law." *Dugard v. United States*, 835 F.3d 915, 918-19 (9th Cir. 2016) (quoting 28 U.S.C. § 2674); *see also* 28 U.S.C. § 1346(b)(1).

However, Plaintiff's complaint does not comply with Rule 8 because it does not set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint also fails to state a claim upon which relief can be granted because it does not identify or adequately describe any claim or claims Plaintiff seeks to bring against the defendant(s) and it does not clearly connect any of the facts alleged in the complaint to any of the defendant(s). In order to comply with Rule 8's pleading requirement, Plaintiff must amend the complaint to state as clearly as possible the facts giving rise to the complaint. Plaintiff must also explain why each named defendant is being sued by making specific factual allegations that connect each defendant with the alleged wrongdoing, and specifically identifying the claim(s) asserted against each defendant.

Accordingly, the Court finds dismissal appropriate because the complaint fails to state a claim upon which relief can be granted. However, given Plaintiff's pro se status and because it is not clear that the deficiencies of the complaint could not be cured by amendment, the Court shall grant Plaintiff the opportunity to file an amended complaint. To comply with Rule 8's pleading requirement, Plaintiff's amended complaint must identify the claim, including the specific law or right Plaintiff believes was violated, and must allege all the facts upon which Plaintiff bases this claim.

### IV. CONCLUSION

It is unclear whether the Court has jurisdiction over this case and, even if it does, Plaintiff's Complaint does not set forth a short and plain statement of the claim showing he is

entitled to relief.  Accordingly, Plaintiff must file a first amended complaint addressing the deficiencies in this order by October 17, 2018.  If Plaintiff does not file a timely first amended complaint, the Court will recommend this action be dismissed.

Plaintiff may wish to seek assistance from the Legal Help Center, a free service offered by the Justice & Diversity Center of the Bar Association of San Francisco, by calling 415-782-8982, or by signing up for an appointment on the 15th Floor of the Federal Courthouse in San Francisco, 450 Golden Gate Avenue, San Francisco, California.  There is also a Legal Help Center in Oakland, located on the 4th Floor, Room 470S, of the United States Courthouse, 1301 Clay Street, Oakland.  At the Legal Help Center, you will be able to speak with an attorney who may be able to provide basic legal help but not representation.  More information is available at http://cand.uscourts.gov/helpcentersf.

Plaintiff may also wish to obtain a copy of the district court's *Handbook for Litigants Without a Lawyer*.  It provides instructions on how to proceed at every stage of your case, including discovery, motions, and trial.  The handbook is available in person at the Clerk's Office and online at: http://cand.uscourts.gov/prosehandbook.

**IT IS SO ORDERED.**

Dated: September 26, 2018

_____
THOMAS S. HIXSON
United States Magistrate Judge